IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DARRELL D. CROSS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CV 319-068 |
| | ) |
| SABRIYA GRIFFIN and CHEVEN | ) |
| BERNARD KING, JR., | ) |
| | ) |
|     Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, a pretrial detainee at Dodge County Jail in Eastman, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING THE AMENDED COMPLAINT**

    **A.    BACKGROUND**

Plaintiff names as Defendants: (1) Sabriya Griffin, Business Accounting Clerk at Telfair State Prison; and (2) Cheven Bernard King, Jr., attorney. (Doc. no. 17, pp. 1, 2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff alleges he is not bringing a lawsuit but is actually filing an application for an arrest warrant as to the named Defendants. (Id. at 1-4, 6-7.) Plaintiff requests the Court subpoena, arrest, and prosecute Defendants because Defendant Griffin embezzled his funds while at Telfair State Prison. (Id. at 5-19.) Plaintiff further states Defendant King was complicit in Defendant Griffin's alleged criminal action against Plaintiff. (Id.) Even after the Court ordered Plaintiff to amend his complaint, with instructions, and warned him that he must write legibly, the remainder of Plaintiff's amended complaint remains illegible because Plaintiff writes in multiple different directions on the same pages. (Id.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject

3

matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Here, the complaint is devoid of any federal claim or cause of action and amounts to an improper attempt to force a criminal prosecution against Defendants.

Plaintiff indicates in the amended complaint the basis of federal jurisdiction is only as an arrest warrant for Defendants and states he is not bringing claims under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), 42 U.S.C. § 1983, or any other cognizable cause of action because he is not bringing a lawsuit. (Doc. no. 17, pp. 3-4.) Plaintiff may not force prosecutors to bring criminal charges against Defendants. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009)

4

("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).

Indeed, the decision whether to ultimately prosecute a criminal case is a matter entirely in the local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."). Because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts and he fails to state a claim upon which relief may be granted, his amended complaint must be dismissed. Additionally, because Plaintiff's amended complaint should be dismissed, Plaintiff's remaining motions should be denied as moot.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED**, Plaintiff's remaining motions be **DENIED AS MOOT**, (doc. nos. 11, 14-16), and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 15th day of November, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA